# CASES

# APPELLATE COURTS OF ILLINOIS.

### SECOND DISTRICT—DECEMBER TERM, 1890.

## D. M. SECHLER CARRIAGE COMPANY
### v.
### JOHN O'NEIL.

*Master and Servant—Negligence of Master—Personal Injuries—Proximate Cause—Contributory Negligence.*

In an action brought by a servant to recover for personal injuries alleged to have been occasioned by his employer's negligence in sending him to work with a person ignorant of the English language, this court holds that the injury in question occurred through plaintiff's own negligence and that the judgment in his favor can not stand.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. B. OAKLEAF, for appellant.

Messrs. McENIRY & McENIRY, for appellee.

C. B. SMITH, P. J. This suit was brought by appellee against appellant to recover for an injury to his hand, while in the employ of appellant. A trial below resulted in a ver-

(633)

dict and judgment for appellee for the sum of $150. It appears from the evidence upon appellee's own statement, that he was directed to assist a Swede to raise lumber to the top of a new building, by means of a derrick and rope, operated in the usual manner, by turning a wheel at the ground and winding up the rope, and so raising the lumber. Plaintiff swears he took hold of the wheel himself and the Swede stepped aside, and that plaintiff took up the slack of the rope, and after he had raised the lumber some distance, he called to the Swede to come and help him turn the windlass, but that the Swede did not understand what he said and did not come at his request. That plaintiff then let loose the handle of the windlass with one hand and kept on turning it with the other hand, and while so turning it with one hand he turned around to see what had become of the Swede, and that while he was so turned around looking for the Swede, his hand slipped off the handle of the windlass, and got into the cogs of the wheel, and that his finger was crushed. The only negligence charged against appellant was that it sent him to work with a Swede who could not understand the English language, and not able to understand appellee's call to come and help him turn the windlass. After the plaintiff introduced his evidence as stated above, appellee moved the court to exclude it from the jury and to direct a verdict for the defendant.

This the court refused to do. This action of the court is assigned for error, and we think the court erred in refusing to allow the motion. Even if the failure of the Swede to understand the English language, and failure to respond to the call, was the proximate cause of the injury, still we do not understand that such failure could make appellant liable for the injury. But the evidence does not show that the Swede's failure to understand English was the proximate or necessary cause of the injury to appellee, or that it even tended in that direction.

The evidence is clear and not disputed, that the plaintiff himself allowed his hand to slip off the handle of the wheel he was turning, while he was turned away from his work, and not looking or paying any attention to his hand, and that

while his back was still turned on his work he allowed his hand to drop into the cog wheels. Had he been paying attention to what he was doing, his hand would not have slipped off the handle nor dropped into the wheels. Appellee does not claim that he could not hold the crank or that there was any necessity for him to let it loose, nor is there the slightest claim or pretense in the proof that he could not have kept his fingers out of the wheel of the derrick, if he had been looking where he put his hand. We think the evidence entirely fails to show any negligence of the appellant. The evidence shows appellee's injury to be the result of his own want of care. The court should have excluded the evidence and directed a verdict for the defendant.

The evidence failing to show any right of action in the plaintiff, the judgment will be reversed but the cause not remanded.

*Judgment reversed.*